UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANTHONY R. MUNIZ, | Hon. Joseph A. Greenaway, Jr. |
| Plaintiff, | Civil No. 05-2370 (JAG) |
| v. | **O P I N I O N** |
| RONALD SPEVACK, et al., | |
| Defendants. | |

**APPEARANCES**:

    ANTHONY R. MUNIZ, #470175B, Plaintiff Pro Se
    Northern State Prison
    168 Frontage Road
    Newark, New Jersey  07114

**GREENAWAY, JR.**, District Judge

    Anthony R. Muniz, a prisoner incarcerated at Northern State Prison, seeks to bring this action in forma pauperis, pursuant to 28 U.S.C. § 1915.  This Court (1) grants Plaintiff's application to proceed in forma pauperis as a prisoner; (2) directs the Clerk to file the Complaint without pre-payment of the filing fee; (3) assesses the $250.00 filing fee against Plaintiff; (4) directs the New Jersey Department of Corrections ("NJDOP") to deduct an initial partial filing fee payment from Plaintiff's prison account and forward same to the Clerk of the Court, when funds exist; and (5) directs the NJDOP to forward payments from Plaintiff's prison account to the Clerk each subsequent month that the amount in the account exceeds $10.00, until the $250.00 filing fee is paid in full, regardless of the outcome of the litigation.  See 28 U.S.C. § 1915(a), (b).  As required by 28 U.S.C. §§ 1915(e)(2) and 1915A, the Court has reviewed the Complaint for sua sponte dismissal and concludes that dismissal of the Complaint is required.

## I.  BACKGROUND

Plaintiff sues two private attorneys, two private persons acting as notary public, and the clerk and a judge in the Superior Court of New Jersey, Special Civil Part, Middlesex County. He seeks to assert the following facts which this Court views as true for the purposes of this review. Plaintiff alleges that Ronald Spevack, a private attorney, represented him in a civil action which resulted in Plaintiff's being awarded money which Spevack held in trust during Plaintiff's incarceration.  Plaintiff asserts that Spevack violated his fiduciary duty by releasing several thousand dollars to various persons, without Plaintiff's authorization.  Plaintiff contends that Defendant Spevack committed malpractice and misappropriated funds and that Defendants Davela and Matey notarized forged documents regarding the transactions.

Plaintiff further maintains that Defendant Robert R. Levinson, a private attorney who represented him in a civil action against Spevack in the Superior Court of New Jersey, Special Civil Part, committed malpractice by mishandling the case.  Finally, Plaintiff alleges that the clerk of the court and the judge conspired to dismiss Plaintiff's civil complaint against Spevack. For relief, Plaintiff seeks a declaratory judgment, reimbursement of misappropriated funds plus interest, an injunction directing disciplinary action against Defendants, as well as compensatory and punitive damages.

## II.  LEGAL STANDARD

The in forma pauperis statute, as amended by the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires the Court, prior to docketing or as soon as practicable after docketing, to review a complaint in a civil action in which a plaintiff is proceeding in forma pauperis or a prisoner seeks

2

redress against a governmental employee or entity. See 28 U.S.C. §§ 1915(e)(2)(B), 1915A. The PLRA requires the Court to dismiss sua sponte any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. Id.

"When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). "In addition, under a notice pleading system, it is not appropriate to require a plaintiff to plead facts establishing a prima facie case." Swierkiewicz v. Soreman, 534 U.S. 506 511 (2002); see also Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 168 (1993). Federal Rule of Civil Procedure 8(a)(2) requires a complaint to include only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The statement of the claim must simply "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." Swierkiewicz, 534 U.S. at 512. Moreover, a pro se complaint is held to less stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972).

A claim is frivolous if it "lacks even an arguable basis in law" or its factual allegations describe "fantastic or delusional scenarios." Neitzke v. Williams, 490 U.S. 319, 328 (1989); see also Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990). "Given the Federal Rules' simplified

standard for pleading, '[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Swierkiewicz, 534 U.S. at 514 (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)).

### III.  DISCUSSION

A.  Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction.  Mansfield, C. & L. M. Ry. Co. v. Swan, 111 U.S. 379, 383 (1884).  Federal courts have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto.  See Bender v. Williamsport Area School Dist., 475 U.S. 534, 541 (1986).   The facts establishing the court's jurisdiction must appear on the face of the complaint.  McNutt v. General Motors Acceptance Corp. of Indiana, 298 U.S. 178, 182, 189 (1936).  The plaintiff, "who claims that the power of the court should be exerted in his behalf . . . must carry throughout the litigation the burden of showing that he is properly in court." Id. at 189.[1]  Moreover, lack of subject matter jurisdiction may be raised by the Court sua sponte at any time.  Bender, 475 U.S. at 541; Louisville &

---

[1] Being of limited jurisdiction, a federal court

> has cognisance, not of cases generally, but only of a few specially circumstanced, amounting to a small proportion of the cases which an unlimited jurisdiction would embrace.  And the fair presumption is (not as with regard to a court of general jurisdiction, that a cause is within its jurisdiction unless the contrary appears, but rather) that a cause is without its jurisdiction, until the contrary appears.  This renders it necessary, inasmuch as the proceedings of no court can be deemed valid, further than its jurisdiction appears, or can be presumed, to set forth upon the record of a circuit court, the facts or circumstances which give jurisdiction, either expressly, or in such manner as to render them certain by legal intendment.

Turner v. Bank of North America, 4 U.S. 8, 10 (1799).

4

Nashville Railroad Co. v. Mottley, 211 U.S. 149, 152 (1908); Van Holt v. Liberty Mutual Fire Ins. Co., 163 F.3d 161, 166 (3d Cir. 1998).

Article III of the Constitution gives this Court jurisdiction over "Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their authority."  U.S. Const. art. III, § 2.  Section 1983 of Title 42 of the United States Code authorizes a person such as Plaintiff to seek redress for a violation of his federal civil rights by a person who was acting under color of state law.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

To recover under 42 U.S.C. § 1983, a plaintiff must show two elements:  (1) a person caused him to be deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was done under color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Sample v. Diecks, 885 F.2d 1099, 1107 (3d Cir. 1989).  "[T]he under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful."  American Manufacturers Mutual Ins. Co. v. Sullivan, 119 S. Ct. 977, 985 (1999) (quoting Shelley v. Kraemer, 334 U.S. 1, 13 (1948)).  State action exists where the private person's conduct allegedly

causing the deprivation of a federal right is "fairly attributable to the State."  Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, 937 (1982).

Here, Plaintiff sues Defendants Spevack and Levinson, private attorneys, for malpractice and misappropriation of funds.  He also sues two private persons for allegedly notarizing forged documents used by Spevack.  Plaintiff's allegations do not show that these defendants were acting under color of state law.  Private attorneys "will not be considered state actors solely on the basis of their position as officers of the court."  Angelico v. Lehigh Valley Hospital, Inc., 184 F.3d 268, 277 (3d Cir. 1999) (citing Polk County v. Dodson, 454 U.S. 312, 325 (1981)).  Under these circumstances, the claims against the private person defendants must be dismissed for lack of subject matter jurisdiction.

Plaintiff also sues the judge who dismissed his civil action against Spevack, as well as the court clerk.  Although a judge and court clerk act under of color of state law, the claims against these defendants must also be dismissed because "judges . . . are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly."  Figueroa v. Blackburn, 208 F.3d 435, 440 (3d Cir. 2000) (quoting Stump v. Sparkman, 435 U.S. 349, 355-6 (1978)).  Because the alleged wrongdoing by the state actors consist of judicial acts, the Court is constrained to dismiss these defendants, pursuant to 28 U.S.C. § 1915A(b)(2), on the ground of absolute immunity.

## IV.  CONCLUSION

The Court grants Plaintiff's application to file the Complaint without prepayment of the filing fee pursuant to 28 U.S.C. § 1915(b), and dismisses the Complaint.

 S/Joseph A. Greenaway, Jr.
JOSEPH A. GREENAWAY, JR., U.S.D.J.

Dated: January 23, 2006